UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JONATHON R. BIXBY a/k/a JONATHON RAY BIXBY, <br><br> Petitioner, <br><br> v. <br><br> WARDEN New Castle Correctional Facility, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 1:24-cv-02194-JRS-CSW <br> ) <br> ) <br> ) <br> ) |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Jonathon Bixby's petition for a writ of habeas corpus challenges his conviction and sanctions in prison disciplinary case CIC 24-07-002638. For the following reasons, Mr. Bixby's petition is denied, and this case is dismissed with prejudice.

**I. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563–67 (1974).

## II. The Disciplinary Proceeding

According to a conduct report, Mr. Bixby swung an IV pole violently at a correctional officer on July 7, 2024. Dkt. 12-1. Mr. Bixby was charged with attempted battery against a staff member. *Id.*

Mr. Bixby was notified of the charge on July 26, 2024. Dkt. 12-2. A hearing took place August 9, 2024. Dkt. 12-4. Mr. Bixby was found guilty and sanctioned with a loss of earned credit time and a demotion in credit-earning class. *Id.*

Mr. Bixby pursued two unsuccessful administrative appeals. Dkt. 12-7 at 1–2.

## III. Analysis

In his petition, Mr. Bixby raises two challenges to his disciplinary conviction. First, he argues that the prison staff violated several of its own policies by taking too long to notify him of his charge and then to hold his hearing. Second, he argues that one or more of his administrative appeals was mishandled. Neither is a basis on which this Court may offer Mr. Bixby relief.

Prison policies are "primarily designed to guide correctional officials in the administration of a prison" and not "to confer rights on inmates." *Sandin* v. Conner, 515 U.S. 472, 481–82 (1995). Therefore, claims based on prison policy are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas

relief."). To the extent the prison staff failed to abide by its own timelines, it violated its own rules, not the Constitution or laws of the United States.

Similarly, there is no due process right to an administrative appeal, so no error during the administrative appeal process can justify habeas relief. In *Wolff,* the Supreme Court made clear that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." 418 U.S. at 556. The due process rights that apply, which are set forth in detail in *Wolff,* do not include any safeguards during an administrative appeal—even a right to appeal at all. And the procedural guarantees set forth in *Wolff* may not be expanded by the lower courts. *See White v. Ind. Parole Bd.,* 266 F.3d 759, 768 (7th Cir. 2001).

Mr. Bixby raises additional arguments in his reply brief, but Mr. Bixby waived them because he did not raise them first in his petition and they do not respond to any argument raised in the respondent's answer. *Rules Governing § 2254 Cases*, Rule 5(e) ("The petitioner may file a reply to the respondent's answer or other pleading."); *see, e.g., Griffin v. Bell*, 694 F.3d 817, 822 (7th Cir. 2012) ("[A]rguments raised for the first time in a reply brief are deemed waived.").

### IV. Conclusion

Mr. Bixby's petition for a writ of habeas corpus is **denied**. This action is **dismissed with prejudice**. The **clerk is directed** to enter **final judgment**.

**IT IS SO ORDERED.**

Date: 6/2/2025

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JONATHON R. BIXBY a/k/a JONATHON RAY BIXBY
223192
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

Frances Hale Barrow
INDIANA ATTORNEY GENERAL
frances.barrow@atg.in.gov